CLARA MUSIC, APPELLANT, V. WILLIAM T. ADAMS ET AL., APPELLEES.

FILED MAY 29, 1914. No. 17,238.

Action for Personal Injuries: TRIAL: DIRECTING VERDICT: EVIDENCE. The record examined, its substance set out in the opinion, and *held* not to disclose any prejudicial error.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*John O. Yeiser,* for appellant.

*Morsman, Maxwell & Thompson,* contra.

FAWCETT, J.

Plaintiff brought suit in the district court for Douglas county, against William T. Adams, T. B. Norris, Thomas H. Van Nostrand, and Rose Van Nostrand, defendants, for personal injuries sustained by her in stumbling over a pile of dirt, which she alleges the defendants had negligently placed upon a public sidewalk, and of the presence of which she had no knowledge. Whether she stumbled over the obstruction after dark or in broad daylight, the petition does not state. When both sides had rested, the court directed a verdict in favor of the three last named defendants, and submitted the case to the jury as to the defendant Adams. The jury returned a verdict in favor of the defendant, upon which judgment was rendered, and plaintiff appeals.

We doubt the sufficiency of the petition; but, as the defendants saw fit to answer and proceed to trial upon it, thus treating it as sufficient, we will treat it likewise.

The errors relied upon are: (1) That the court erred in directing a verdict for the three defendants as above indicated. (2) That the court erred in its answer to a question propounded by the jury after it had retired for consideration of the case. (3) That the court erred in overruling the motion for a new trial and in entering judgment.

The uncontradicted evidence shows that defendants Norris and Rose Van Nostrand were the owners of lots 1 and 2, block 21, West Omaha, an addition to the city of Omaha; that Norris, acting for himself and Mrs. Van Nostrand, entered into a written contract with defendant Adams to grade these two lots for a stipulated sum. The contract is set out in full in the record. By the terms of the contract the dirt taken from these two lots was to be put on a lot across the street. It appears that Adams conveyed a considerable portion of the dirt across the street by means of horses and scrapers. The execution of the contract and performance of the work under it are not denied, but it is sought to fasten liability upon the three defendants, in whose favor the verdict was directed, by attempting to show that Mr. Norris was present where the work was being done, almost every day while the work was in operation, and that Mr. Van Nostrand gave directions for putting the dirt upon the sidewalk, and in fact placed the first of the dirt there himself. There is no evidence to show that Mr. Norris gave any directions whatever about the work. All the evidence shows is that he visited the work several times during its progress, made estimates of the amount of work that had been done, and made payments to defendant Adams on the contract. There is no evidence to show that Mrs. Van Nostrand was ever present or had anything to do with the manner of performing the work. That the verdict was properly directed in favor of Mrs. Van Nostrand and Mr. Norris is therefore entirely clear. The only evidence under which the attempt

to hold Mr. Van Nostrand liable is the testimony given by the husband of plaintiff, who testified that he saw Mr. Van Nostrand there giving directions, and saw him also with a shovel; that he was covering up a curb and sidewalk so the wheels would not break it; that he did this on both sides of the street; that he saw him haul dirt on it; that it was the same place where more dirt was afterwards deposited. It is not shown how much dirt was put upon the walk while Mr. Van Nostrand was there. It is too evident for serious disagreement that all he was doing was indicating to Adams and his graders—several in number, as shown by the evidence—how to proceed without breaking the cement walk which had been recently laid. We think the district court was justified in holding that this testimony was insufficient to justify a verdict against Mr. Van Nostrand, who was not an owner of any part of the property, was not authorized to act for his wife, and had nothing whatever to do with the making of the contract. The uncontradicted evidence shows that Mr. Norris was acting for himself, and was the only one with authority to act for Mrs. Van Nostrand. Plaintiff's first assignment must therefore fail.

The petition made Mr. Adams a party defendant jointly with the other defendants named. The summons is not set out, but, so far as the record discloses, he was served the same as the other defendants. However that may be, but one answer was filed, and it was filed for "the defendants." The prayer of the answer is a general prayer by "these defendants" that they be each dismissed, etc. It is clear, therefore, that Mr. Adams was a party to the suit and had answered therein. After the jury had retired, and on the same day, they sent to the court the following: "Judge Redick: We, your jury in the case of Clara Music v. W. T. Adams et al., desire to be enlightened on the following question, viz.: 'Are we to consider the appearance of Mr. Adams on the witness-stand as an answer in this action as defendant, or are we to consider him as merely a witness?' D. J. Hinchey, Foreman." The court noted below the following: "Only as a witness.

Redick"—and then returned it to the jury. We are un-
able to see how this could have prejudiced the plaintiff.
Mr. Adams was a defendant in the case and had filed an
answer. The record does not disclose any fact as hav-
ing transpired during the trial to negative the idea that
he was an answering defendant. The case was submitted
to the jury as to him, alone, and the court told the jury
all that it was necessary for them to know. The second
point must therefore fail.

The third point, that the court erred in overruling the
motion for a new trial, must fall with the other assign-
ments. Upon consideration of the entire record, we con-
clude that the plaintiff had a fair trial, that the case as
to the defendant Adams was properly submitted to the
jury, and as to him the verdict should be treated as final.
As to the other three defendants, a verdict against them
could not have been sustained under this record if there
had been a submission to the jury and a verdict for the
plaintiff as against them.

Finding no prejudicial error in the record, the judg-
ment of the district court is

AFFIRMED.